UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
TYRONE WALKER,

                                            Plaintiff,

                                   v.                                9:08-CV-1078
                                                                  (TJM/GJD)
BRIAN FISCHER; LESTER N. WRIGHT; DALE ARTUS;
THOMAS LAVALLEY; B. LECUYER; V. JOHNSON;
AMBER LASHWAY; BEZIO,

                                            Defendants.
_____

APPEARANCES:                              OF COUNSEL:

TYRONE WALKER
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL     GERALD J. ROCK, ESQ.
State of New York                                   Assistant Attorney General
Attorney for Defendants

THOMAS J. McAVOY, SENIOR JUDGE

## MEMORANDUM-DECISION AND ORDER

**I.    Introduction**

      Plaintiff Tyrone Walker commenced this action on October 3, 2008.  In his complaint, plaintiff claims that defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.  Dkt. No. 1.

      An answer to the complaint was filed on behalf of the defendants on March 2, 2009.  Dkt. No. 19.

      Presently before this Court for consideration is a motion from plaintiff seeking the issuance of a preliminary injunction.  Dkt. No. 5.  Plaintiff has also filed motions for discovery and for leave to file an amended and supplemental complaint.  Dkt. Nos. 22, 23.  Defendants have filed a cross-motion regarding discovery.  Dkt. No. 29.

## II.     Preliminary Injunction Motion

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction).  Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief sought, the requested injunction  is properly characterized as mandatory rather than prohibitory.  A party seeking a mandatory injunction must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted.  See *Jolly v. Coughlin*, 76 F.3d 468, 473-74 (2d Cir. 1996).

Plaintiff states that he suffers from several serious medical conditions which severely limit his ability to walk.  Dkt. No. 1 at 4.[1]  During his confinement at Great Meadow Correctional Facility, plaintiff was prescribed insoles and medical boots to address these conditions.  *Id*. at 5.  Plaintiff was transferred to Clinton Correctional Facility in January, 2008 and is presently confined in that facility's special housing unit ("SHU").  *Id*.  According to plaintiff, he is not allowed to have his medical boots in his cell at Clinton.  Plaintiff is also not allowed to wear his boots for recreation purposes,

---

[1] Plaintiff suffers from Chronic Plantar Fasciitis and Raynaud's Syndrome.  Dkt. No. 1 at 4-5.

call outs or visits but, rather, is allowed to wear the boots only on outside trips. *Id*. at 11. Plaintiff states that these restrictions are imposed pursuant to an unwritten policy at Clinton which is not supported by a legitimate penological interest. *Id*. at 11. According to plaintiff, his inability to wear his medical boots has caused him significantly increased pain and discomfort, such that he is often unable to go to recreation. *Id*. at 15; Dkt. No. 24 at 5. In addition to exacerbating his foot conditions, plaintiff claims that his overall health has been adversely affected. Dkt. No. 5-2 at 3.[2]

Plaintiff requests that this Court issue a preliminary injunction directing the defendants to afford him access to his medical boots "whenever he wishes [ ], or at least grant Plaintiff to be allowed to wear his medical boots whenever he leaves the cell." Dkt. No. 5-3 at 13. The Court treats plaintiff's motion as seeking mandatory rather than prohibitory relief; accordingly, plaintiff must make a clear or substantial showing of the likelihood of success n the merits of his claims.

(a) Irreparable harm

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, 1998 WL 566791 at *1 (N.D.N.Y. Sept. 3, 1998) (Munson, S.J.) (citations omitted). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy,

---

[2] Plaintiff also complains that he has not been examined by a physician or podiatrist since his arrival at Clinton. *Id*. at 15.

3

C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

As noted, plaintiff claims that his inability to wear his medical boots has caused him to experience significantly increased foot pain and discomfort. Dkt. Nos. 5-2 at 3; 5-3 at 3. Plaintiff also alleges that his general health has declined as a result of his inability to exercise comfortably. *Id*. Plaintiff has not, however, provided any evidence supporting his allegations of irreparable harm.[3]

Accordingly, the Court finds that on the present record, plaintiff's claims that he will be irreparably harmed if the requested relief is not granted are speculative at best and do not provide a basis for the award of injunctive relief.

> (b) Likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the plaintiff

A party seeking injunctive relief must also demonstrate a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. See *Covino*, 967 F.2d at 77.

Plaintiff's request for relief is two-pronged. As to the first prong, plaintiff requests that he be permitted to wear his boots in his cell. Dkt. No. 5-3 at 13.

By their response in opposition to plaintiff's motion, defendants have provided affidavit testimony from Clinton Correctional Facility First Deputy Superintendent Thomas LaValley. Dkt. No. 20-2. Deputy Superintendent LaValley contends that

---

[3] Plaintiff has not submitted any medical records, daily movement logs, affidavits from counselors, corrections staff, or other inmates in support of his claims of irreparable injury.

legitimate penologic concerns inform the footwear restrictions set forth in DOCS Directive 4933, which provides that SHU inmates may wear only slippers or sneakers. *Id*. at 2. LaValley further states that medical boots contain pieces of metal and permitting inmates to keep boots in their cells would afford them the opportunity to "utilize this metal as a potential weapon or in some other way which would pose a threat to security." *Id*. LaValley also notes that SHU inmates "do not do a significant amount of walking each day." *Id*.

The second prong of plaintiff's motion, which seeks an order directing that he be permitted access to his medical boots whenever he is outside his cell, is not addressed by defendants in their opposition papers. Deputy Superintendent LaValley's comments are limited to the security concerns posed by allowing an inmate to have access to boots in his cell, and it seems likely that those concerns are significantly diminished when an inmate is outside of his cell and is wearing his boots. Defendants have also failed to address the basis for the distinction drawn by them between outside medical trips (when plaintiff is allowed to wear his boots) and movement outside his cell at Clinton (when boots are not allowed). As plaintiff notes, his recreation period tends to involve significantly more movement and stress on his feet than an outside medical trip which, in light of plaintiff's security status, is designed to include very little walking. See Dkt. No. 5-3 at 5. However, as defendants correctly note, courts have historically afforded considerable deference to prison administrators in the daily operation of prison facilities, and will not intervene absent a clear or substantial showing that such relief is warranted. See Dkt. No. 20 at 5; *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

Based upon the foregoing, the Court finds that plaintiff has not established

sufficiently serious questions going to the merits of his claim that he should be granted access to his medical boots while confined to his SHU cell. Plaintiff has made a more substantial showing in support of his claim that he should have access to his medical boots whenever he leaves his cell; however, because the record presently before the Court does not demonstrate that plaintiff is likely to suffer irreparable harm if injunctive relief is not granted, his motion is denied.

## III.    Discovery Motions

The Federal Rules of Civil Procedure permit the discovery of any unprivileged matter that is "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Several methods of discovery, including interrogatories, requests for production of documents, and depositions, are available to parties. Each method of discovery entails certain costs and imposes various burdens on the parties. The costs of discovery remain the obligation of each party, notwithstanding the granting of an application to proceed *in forma pauperis*. See Dkt. No. 6 at 4 n. 1; see also Rule 5.4(a) of the Local Rules of Practice of the Northern District.

Generally speaking, there is little or no cost to a party to obtain discovery through interrogatories and requests for production of documents.[4] On the other hand, the costs associated with depositions are not insignificant. Deposition costs include the attendance fee of a person qualified to preside over the deposition proceedings and the costs of transcribing the deposition testimony. See Fed.R.Civ.P. 28(a), 30(b).

---

[4] Documents produced in response to a discovery request must be made available to the requesting party for inspection. If the requesting party wants to obtain copies of those documents, he or she must bear the copying costs.

Plaintiff seeks leave to take the depositions of the defendants and inmate William Blake (a non-party) by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure. Dkt. No. 22. Plaintiff has submitted in support of his motion the questions he seeks to direct to each person. Dkt. No. 22-3 - 22-11.

By their cross-motion, defendants seek a protective order against the proposed depositions. Dkt. No. 29-2 at 3. With respect to plaintiff's desire to depose the defendants (for which leave of court is not required), defendants contend that plaintiff has not made any showing that he is able to bear the costs associated therewith. Defendants state, however, that they "have no objection [to] deeming the proposed written deposition questions interrogatories under Rule 33 and responding to them under the provisions of that Rule." Dkt. No. 29-2 at 5.

With respect to plaintiff's stated desire to depose inmate William Blake on written questions pursuant to Rule 31, defendants object to plaintiff's request because it is not supported by any showing that plaintiff is able to bear the financial costs of that discovery. Dkt. No. 29-2 at 4. Defendants also oppose any effort by plaintiff to shift those costs to the Court or to them. *Id.*

Upon due consideration the Court finds that plaintiff has not demonstrated that he has the financial resources required to conduct discovery by depositions, and that defendants' undertaking to respond to the written questions as interrogatories is an "eminently sensible" approach to discovery in this action. See *Koehl v. Green*, No. 9:06-CV-0478, 2007 WL 4299992, at *4 (N.D.N.Y. Dec. 6, 2007) (Lowe, M.J.) (noting a preference in prisoner actions for interrogatories rather than depositions of defendants). Defendants shall respond to plaintiff's interrogatories no later than **May 10, 2009.**

7

With respect to plaintiff's request to depose inmate William Blake, a non-party, by deposition on written questions, his motion is denied without prejudice to renew.

## IV.     Motion to Amend

A motion to amend and/or supplement a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure.[5]  Rule 15(a) states that leave to amend shall be freely given "when justice so requires;" Rule 15(d) provides that a supplemental pleading may be allowed "on just terms."  Fed. R. Civ. Proc. 15(a),(d); see *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion.  See *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

The Local Rules of Practice of the Northern District provide that a motion to amend must be supported by a proposed amended pleading, which "must be a complete pleading, which will supersede the original pleading in all respects."  See L.R. 7.1(a)(4).  In the case of a motion to supplement, the paragraphs in the proposed pleading must be numbered consecutively to the paragraphs in the original pleading.  *Id*.

By his motion, plaintiff seeks to name S. Racette, Deputy Superintendent of Security at Clinton Correctional Facility as an additional defendant, correct certain factual allegations in his original complaint, and assert claims which arose subsequent

---

[5] A supplemental complaint is a pleading that sets forth events which have occurred since the date of the pleading sought to be supplemented.  Fed. R. Civ. P. 15(d); see also *Cartes v. Artuz*, 1998 WL 782022, *2 (S.D.N.Y. Nov. 6, 1998).

to the filing of his original complaint. Dkt. No. 23.

Defendants oppose the motion. Dkt. No. 30. As defendants correctly note, plaintiff has not submitted a proposed amended and supplemental complaint in support of his motion. Rather, plaintiff has simply included information regarding the proposed amendments within his letter request. *Id*. at 3-4.

In light of plaintiff's failure to provide a proposed amended and supplemental pleading, his motion is denied, without prejudice to renew. Any renewed motion must comply with Rule 7.1(a)(4) of the Local Rules of the Northern District and Rules 8 and 10 of the Federal Rules of Civil Procedure, and must be supported by a proposed amended complaint which is a **complete pleading**, intended to supersede the original complaint in all respects.

## V.   Conclusion

WHEREFORE, on the basis of the above, it is hereby

ORDERED, that plaintiff's motion for preliminary injunctive relief (Dkt. No. 5) is denied, and it is further

ORDERED, that the depositions on written questions submitted by plaintiff in support of his motion for discovery (see Dkt. No. 22) are deemed to be interrogatories to the defendants; defendants shall serve their responses thereto no later than **May 10, 2009**, and it is further

ORDERED, that plaintiff's motion for discovery (Dkt. No. 22) is otherwise denied, and it is further

ORDERED, that defendants' cross-motion for a protective order (Dkt. No. 29) is

9

granted, and it is further

ORDERED, that plaintiff's motion to file an amended and supplemental complaint (Dkt. No. 23) is denied without prejudice to renew as set forth herein, and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

IT IS SO ORDERED.

Dated: April 1, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge