**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TYRONE WALKER,**

                    **Plaintiff,**

          **v.**                                          **9:08-CV-1078**
                                                          **(TJM/ATB)**
**BRIAN FISCHER, *et al.*,**

                    **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

## I.      INTRODUCTION

        This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court

to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).  In his

July 25, 2011 Report-Recommendation, Magistrate Judge Baxter recommended that

Defendants' motion for summary judgment (Dkt. No. 109) be granted and the action

dismissed.  Plaintiff has filed objections to this recommendation, dkt. # 117, and

Defendants have file a letter brief in response to Plaintiff's objections. Dkt. # 118.

## II.     STANDARD OF REVIEW

        When objections to a magistrate judge's report and recommendation are lodged,

the district court makes a "*de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made."  See 28

U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).  "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).  By the same reasoning, a party may not advance new theories that were not presented to the magistrate judge in an attempt to obtain this second bite at the apple. See Calderon v. Wheeler, 2009 WL 2252241, at *1, n. 1 (N.D.N.Y. July 28, 2009);[1] Green v. City of New York, 2010 WL 148128, at * 4 (E.D.N.Y. Jan. 14, 2010)("[N]ew claims . . . presented in the form of, or along with, 'objections . . .' should be dismissed.")(citations omitted).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.  Farid v. Bouey,

_____

[1]As Judge Suddaby noted in Calderon:

On *de novo* review, "[t]he judge may ... receive further evidence ...." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. See, e.g ., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at

*2 (S.D.N.Y. Feb. 25, 2009).   After reviewing the report and recommendation, the Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge.  The judge may also receive further evidence or recommit the

matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

With this standard in mind, and after having reviewed Plaintiff's objections, the

Court determines to adopt the recommendations for the reasons stated in Magistrate

Judge Baxter's thorough report.  Petitioner has not pointed any error in Magistrate Judge

Baxter's analysis, and the Court finds that those portions of the Report-Recommendation

and Order that Plaintiff has chosen to reargue are not clearly erroneous.  To the extent

Plaintiff's objections raise new theories or arguments based on a February 28, 2011

restraint order that was not presented in the prior pleadings or in opposition to the

Defendants' motion, the arguments or theories are rejected inasmuch as Plaintiff has

failed to offer a valid justification for failing to raise the claim previously.

## IV.    CONCLUSION

Therefore, the Court **ADOPTS** the recommendations made by Magistrate Judge

Baxter in their entirety.  Accordingly, it is hereby **ORDERED** that Defendants' motion for

summary judgment (Dkt. No. 109) is **GRANTED** and the complaint is **DISMISSED IN ITS**

**ENTIRETY**.

**IT IS SO ORDERED**

**Dated:** September 19, 2011

3

Thomas J. McAvoy
Senior, U.S. District Judge